WENTWORTH, Judge.
Appellant seeks review of an order by which its complaint against appellee was dismissed with prejudice as “insufficient to state a cause of action.” We find that the complaint contains allegations of a contractual breach which are sufficient to permit recovery, and we therefore reverse the order appealed.
Appellant’s complaint alleges that he was requested by appellee to act as sales manager and that he was promised a commission for sales orders which he secured. The complaint further alleges that appellant did secure sales orders, but that appellee refuses to pay the promised commissions. The complaint does not allege any specific amount as, or computational *335 method for determining, the appropriate commission, or that the parties ever reached agreement in regard thereto. But if appellee desires a more specific allegation of damages, such relief may be obtained by a Fla.R.Civ.P. 1.140(e) motion for a more definite statement. See Augustine v. Southern Bell, Telephone & Telegraph Co., 91 So.2d 320 (Fla.1956); Arcade Steam Laundry v. Bass, 159 So.2d 915 (Fla. 2d DCA 1964). And to the extent that the parties may have failed to reach full agreement as to the compensation for appellant’s services, recovery might nevertheless still be had “on the basis of quantum meruit, that is, the reasonable worth of the services_” Moncrief v. Hall, 63 So.2d 640 (Fla.1953); see generally, Symon v. J. Rolfe Davis Inc., 245 So.2d 278 (Fla. 4th DCA 1971). Appellant’s failure to specify quantum meruit as a basis of recovery does not preclude such relief.
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
ERVIN and BOOTH, JJ., concur.