PER CURIAM.
This is an appeal and cross appeal from a final judgment in an action for breach of contract and back salary brought by an untenured assistant professor of music against Florida Memorial College. We have carefully examined the briefs of the parties together with the record on appeal and can discern no reversible error save in one respect. We accordingly affirm in part and reverse in part.
First, the trial court properly construed the faculty handbook to mean that the professor herein was not entitled, as urged, to a one-year notice of non-appointment before the college could terminate the professor by not renewing his contract. Notice of an intention to reappoint was required by the faculty handbook, not a notice of non-appointment. Second, the professor was clearly employed to teach the overload courses in question and was entitled to the compensation awarded him by the trial court. Third, the trial court committed reversible error in concluding that attorney’s fees were not legally recoverable in this action under Section 448.08, Florida Statutes (1981), and in denying a request by the professor for attorney’s fees on this basis. The aforesaid statute authorizes, but does not require, an award of attorney’s fees for the prevailing party in an action for unpaid wages. We construe count III of the complaint herein to be an action for unpaid wages, and, accordingly, the trial court had the discretionary authority to award the professor herein attorney’s fees, as he was the prevailing party on this count. Upon remand, the trial court is directed to exercise its discretion and rule on the merits as to the professor’s request for attorney’s fees relating solely to legal services performed in prevailing on count III of the complaint. See Quinones v. State, 448 So.2d 608, 609 (Fla. 3d DCA 1984); Liza Danielle, Inc. v. Jamko, Inc., 408 So.2d 735, 737 (Fla. 3d DCA 1982); Symon v. J. Rolfe Davis, Inc., 245 So.2d 278, 279 (Fla. 4th DCA), cert. denied, 249 So.2d 36 (Fla.1971); Childs v. Catlin, 134 Ga.App. 778, 216 S.E.2d 360, 363 (1975); Sullivan v. Chicago & Northwestern Transportation Co., 326 N.W.2d 320, 328 (Iowa 1982).
Affirmed in part, reversed in part and remanded.