489 So.2d 1139 (1986)
BILL RIVERS TRAILERS, INC., and Bill Rivers Corp., Appellant,
v.
Robert J. MILLER, Appellee.
No. BG-315.
District Court of Appeal of Florida, First District.
April 9, 1986.
On Motion for Rehearing and in Response to Amicus Curiae Brief June 20, 1986.
*1140 Douglass E. Myers, Jr., of Smith & Myers, Jacksonville, for appellant.
Dennis Lanahan, Jacksonville, for appellee.
PER CURIAM.
Bill Rivers Trailers, Inc. (BRT) and Bill Rivers Corporation (BRC) appeal from a final judgment which awarded attorney's fees and costs to Robert J. Miller (Miller), plaintiff in the trial court. Appellants BRT and BRC present four points for our review: (1) whether the trial court erred in awarding attorney's fees to Miller pursuant to Section 448.08, Florida Statutes; (2) whether the trial court erred in not awarding statutory attorney's fees to BRT on Count I; (3) whether the trial court erred in finding that Section 448.08 attorney's fees may be awarded for the time of a legal assistant; and (4) whether the trial court erred in awarding Section 448.08 attorney's fees for time expended in establishing entitlement to attorney's fees. We affirm in part and reverse in part, and remand the cause for further proceedings.
In 1981 Miller was president and minority stockholder of Intermodal Equipment Manufacturing, Inc. Intermodal was in financial difficulty at that time. In order to resolve these financial problems, the stockholders sold Intermodal's assets to BRC. BRC then formed BRT as a subsidiary of BRC. On December 18, 1981, Miller and W.C. Rivers, Jr. (Rivers), president of BRC, executed an employment agreement whereby Miller was hired to work for BRT as president and general manager at a base salary of $2,500 per month. Paragraph nine of the agreement made provision for a bonus incentive or commission to Miller "in accordance with the terms and provisions of a separate agreement entered into between the parties which will be attached hereto ... and made a part hereof." Miller and Rivers never agreed on the amount of the commission.
On May 25, 1982, Miller submitted a compensation plan designed to be retroactive to December 18, 1981, which provided for commissions at the rate of 2% of net sales, or 25% of gross profit, these commissions to be "... payable on revenue for new trailers and equipment, remak programs or any retrofit producing programs, sold by Miller." The week following submission of his commission plan, Miller's employment was terminated.
On October 8, 1982, Miller filed a two-count complaint seeking (1) commissions for sale of trailers on behalf of BRT and BRC, and (2) damages in the amount of $1 million for damage to his standing in the business community. The initial complaint was dismissed on December 10, 1982; an amended complaint was dismissed on May 3, 1983; and after submission of the second amended complaint BRC was dismissed as a party. On July 18, 1983, BRT filed a counterclaim alleging that Miller failed to pay a capital contribution of $20,000, and "failed and refused to implement company policies." Miller then filed a motion for leave to amend Count II of the second amended complaint, and motion to dismiss the counterclaim. On August 17, 1983, Count II of the third amended complaint was dismissed with prejudice, as "insufficient to state a cause of action." The dismissal was reversed by this court in Miller v. Bill Rivers Trailers, Inc., 450 So.2d 334 (Fla. 1st DCA 1984), with the explanation that although Miller's complaint did not allege a specific amount or method of determining the appropriate commission, relief in the form of a motion for a more definite statement could be obtained, pursuant to Florida Rule of Civil Procedure 1.140(e).
Between August 1, 1984, and October 16, 1984, the parties filed numerous motions and pleadings, culminating on October 16 with Miller's motion to amend the third amended complaint to include a prayer for attorney's fees pursuant to Section 448.08, Florida Statutes. On October 17, 1984, the trial court granted Miller's motion and the fourth amended complaint was filed. In addition to the parties' respective pleadings, Miller filed several requests for production of documents. Each request was *1141 met by an objection, with a supporting memorandum. Concomitantly, each objection was opposed with a motion to compel, with a supporting memorandum.
Also in October 1984, the parties agreed to submit the question of commissions allegedly due Miller to a 3-member arbitration panel, composed of persons active in the business of trailer sales in the Jacksonville area. On October 19, 1984, the parties, through respective counsel, executed an arbitration agreement which set forth arbitration guidelines, and provided that in the event of an award  the court should decide "the interest, costs and attorney's fees to be assessed, if any."
The arbitration hearing was held on November 27, 1984. The arbitrators determined no commission was due pursuant to Count I of the complaint, but determined that a commission was due on the Count II claim for commission on the sale of refrigerated trailers. The arbitrators' determination was unanimous.
On February 1, 1985, Miller filed motions with supporting affidavits, for an award of attorney's fees and costs. On February 11, 1985, BRT and BRC filed their motion for attorney's fees and costs as "the prevailing party as to Count I of the Complaint." Numerous memoranda were submitted on the attorney's fee issue. At the hearings, counsel for BRT and BRC argued, among other things, that a fee award should not include time spent on the case by a legal assistant and that time spent in preparation of Count I should not be included in the award.
On April 10, 1985, the trial court entered final judgment finding that (1) Miller was entitled to an award of attorney's fees and costs as the prevailing party as to Count II; (2) BRT was not a prevailing party as to Count I and not entitled to recover attorney's fees or costs; (3) the work performed by the legal assistant was necessary to the litigation, was substantive rather than clerical in nature, and was recoverable by Miller as part of and in addition to the attorney's fees awarded; and (5) Miller was entitled to recover fees for the time expended by his attorney and the legal assistant subsequent to arbitration in litigating entitlement to and the amount of fees and costs to be awarded.
On the independent contractor issue, BRT and BRC contend that Miller's relationship with BRC with regard to the Count II claim for commission on the sale of thirty-one refrigerated trucks was that of an independent contractor and not that of an employee. "[A]t common law, the four elements considered in making a determination of whether a master and servant relationship exists are (1) the selection and engagement of the servant, (2) the payment of wages, (3) the power of dismissal, and (4) the control of the servant's conduct." Pearson v. Harris, 449 So.2d 339, 342 (Fla. 1st DCA 1984). Ultimately, a determination that an individual is or is not an independent contractor "turns on the power to control." Pearson, quoting Brewer v. Cueto, 379 So.2d 1322, 1323 (Fla. 1st DCA 1980), cert. denied 388 So.2d 1111 (Fla. 1980).
After a careful review of the record and consideration of the elements involved in determining independent contractor or employee status, we conclude that there was no error in the determination that Miller was not an independent contractor. First, it is undisputed that Miller was employed by BRT when he arranged the sale of thirty-one refrigerated trailers owned by BRC. As to the second element, payment of wages  or in this case, commissions  Miller recovered $28,000 as commission on the sale through the arbitration process. As to the third element, power of dismissal  Miller was fired by BRT, a subsidiary of BRC, and his termination by the first entity effectively terminated his business association with the second entity. In Cantor v. Cochran, 184 So.2d 173, 174 (Fla. 1966), the supreme court said "the most telling factor establishing control" is the power to fire without the risk of a suit for breach of contract." As to the fourth element, control of the servant's conduct  the record indicates that Miller was required to submit expense reports to BRC *1142 and that BRC had the right to control the manner of the sale, although Miller was left free to structure the sale without significant interference from BRC management.
We also find the trial court properly applied the criteria set forth in Florida Bar Code of Professional Responsibility, DR 2-106(B), to decide the attorney's fee award in this case. Implicit in the attorney's fee awarded is the trial court's determination that the prosecution and investigation of Counts I and II of the complaint were so intertwined that the two could not be divided for billing purposes. Our perusal of the record leads us to the same conclusion, and we find no error in the trial court's award. Absent an abuse of discretion, an award of attorney's fees will not be disturbed on appeal. Lucas v. Evans, 453 So.2d 141 (Fla. 1st DCA 1984).
With regard to point two, we find the trial court's determination that BRT was not the prevailing party as to Count I is in keeping with case law to the effect that a plaintiff who obtains an affirmative judgment on one count in a multicount complaint is the prevailing party. Hendry Tractor Company v. Fernandez, 432 So.2d 1315 (Fla. 1983). Under this standard, BRT was not a prevailing party as to Count I, and was not entitled to attorney's fees under Section 448.08, Florida Statutes.
With respect to the third point stated by appellant, supra, we conclude that the trial court erred in awarding "attorney's fees" for the time of a legal assistant employed by Miller's attorney. The statute provides that in an action for unpaid wages:
The court may award ... costs of the action and a reasonable attorney's fee. (emphasis supplied).
Except for assessable costs which concededly do not cover paralegal service, this provision plainly allows only an award of an "attorney's fee." Reversal and remand for reconsideration of the amount awarded in this case ($16,673.75) is therefore required because the court erred in separately assessing and awarding an hourly rate for paralegal services and in holding that "the work performed by the legal assistant ... is recoverable by plaintiff ... in addition to the attorney's fees... ." (emphasis supplied)
Appellee does not argue (and the court did not find) that the aggregate amount awarded is a "reasonable attorney's fee" for services of appellee's attorney, whether those services were performed with or without paralegal assistance. That issue should therefore be reserved for the court on remand. If, as contended by the attorney, the work of the assistant was actually "supervised" by the attorney, then the attorney is entitled to be compensated for the reasonable value of his "assistant-aided" legal work, at a rate that actually reflects the value of such work as "legal services." In other words, if the work product is that of the attorney, which we are under the impression it must be if it is proper, then it should be compensated as legal services performed by the attorney. On the other hand, we find no basis has been shown for the separate itemization and charging of fees for "legal services" performed by nonlawyer personnel as "attorney's fees."
Absent any other definition in present Florida law, the statutory authorization of an "attorney's fee" clearly refers to a fee for work by an attorney and not (as defined by the order before us) for any "work necessary to the litigation [which] is of a substantive rather than clerical nature, and, had it not been performed by the legal assistant, is the type of work which would have been performed by plaintiff's attorney." (e.s.) The 107 hours of legal assistant's time included in the award (at an hourly rate of $40.00) was, according to appellee, "incurred almost exclusively in researching and writing of the briefs ... which have been filed in this case" in the first appeal, Miller v. Bill Rivers Trailers, Inc., 450 So.2d 334 (Fla. 1st DCA 1984). In this case we need not question either the economic or ethical wisdom of such delegation. But our Code of Professional Responsibility, EC 3-6, makes no distinction *1143 between substantive and clerical functions (which appellee concedes may not be taxed), when it lists the lay personnel who may assist in delivery of legal services:
A lawyer ... may employ ... secretaries, law clerks ... researchers, legal assistants... . Such delegation is proper if a lawyer ... has complete professional responsibility for the work product... . by ... personal examination and approval thereof... . The delegated work must be such, however, as loses its separate identity and becomes ... merged in the produce of the attorney himself. (emphasis supplied)
There seems to be a strange Orwellian logic involved in appellee's argument that the necessary merger and loss of identity of delegated work is accomplished by preserving its separate identity in the billing process, i.e., by aggregating "the legal assistant's time with that of the attorney, with the time expended by the legal assistant on this substantive work being billed at a substantial savings... ."
There is, as the briefs reflect, a division of authority on the issue of separate compensation for paralegal work distinct from attorney's fees and from non-reimbursable overhead. The opinion in Merchandise National Bank of Chicago v. Scanlon, 408 N.E.2d 248 (Ill. 1st DCA 1980), cited by appellee, treats the issue exhaustively, but the court there dealt with provisions for legal services by "certified" law students. The present case does not require consideration of whether the introduction of paralegal regulatory procedures, together with change in the language of the ethics code, supra, might indeed warrant classification of such services separately from other support services for lawyers. The better view, under circumstances now presented, is well expressed in CTS Corp. v. Electro Materials Corp. of America, 476 F. Supp. 144 (S.D.N.Y. 1979), with respect to a federal statute allowing award of attorney's fees:
... the Court is aware that the attorney's fees that will be awarded are set in contemplation of secretarial and other overhead expenses. But to the extent that such costs are separately stated and attributed to the services of non-lawyers, they may not be recovered under 35 U.S.C. sec. 285.
We therefore reverse and remand for determination by the trial court of a reasonable attorney's fee based on all appropriate factors having no direct arithmetical relation to the number of hours expended by legal assistants who are not attorneys.
Point four concerns the inclusion in the attorney's fee award of the time expended to establish entitlement to attorney's fees. The reasonableness of an attorney's fee is "an issue of fact to be determined by the trial court." Maass v. Christensen, 447 So.2d 1044 (Fla. 4th DCA 1984). In this case, the record reflects that Miller's fee agreement with his attorney contemplated payment for the work involved in securing the statutory attorney's fee, and entitlement to that fee did not vest until the arbitrators made their recommendation. Accordingly, we find no error in the award of attorney's fees for the time spent subsequent to arbitration to litigate entitlement to an attorney's fee. See: B & L Motors, Inc. v. Bignotti; 427 So.2d 1070 (Fla. 2d DCA 1983) (overturned on other grounds, Travieso v. Travieso, 474 So.2d 1184, 1186 (Fla. 1985)).
For the foregoing reasons, the final judgment is affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
SMITH and WENTWORTH, JJ., concur.
JOANOS, J., concurs in part and dissents in part with written opinion.
JOANOS, Judge, concurring in part, dissenting in part.
I concur in the majority opinion and decision except for the third point. I would affirm the trial court's attorney's fee award to Miller which included work performed by a legal assistant. I see no meaningful difference between the trial judge's treatment of it as a separate item rather than it being considered in the overall evaluation of the value of the work *1144 product of the attorney as suggested by the majority opinion to be an appropriate way of treating it. The important thing is that the work apparently comported with our Code of Professional Responsibility and was a reasonably necessary service that was provided. I see no reason why the form in which the legal assistant's hours were treated should make such a difference. I believe that the way it was handled was a more candid way of doing it and less susceptible to manipulation. At the least, the trial judge should certainly have the discretion to do it the way he did.
In an Illinois case, People v. Atkinson, 50 Ill. App.3d 860, 8 Ill.Dec. 932, 366 N.E.2d 94 (2d Dist. 1977), the court reasoned:
Under contemporary circumstances it seems unrealistic to require that work which requires somewhat less expertise and experience must be personally performed by appointed counsel in order to be compensated. It would appear that certain delegated work in a case, always remaining the responsibility of appointed counsel and done under his supervision, when found to be economic and necessary should be compensated in some manner. 8 Ill.Dec. at 938.
See also Chapman v. Pacific Telephone & Telegraph Co., 456 F. Supp. 77, 83 (N.D.Cal. 1978).
The record in this case indicates the legal assistant employed by Miller's counsel performed 75% of the preparation of the appeal on Count II  on which Miller was the prevailing party. The legal assistant did most of the research and writing involved, and her time was billed at a rate far below the hourly rate billed by attorneys. Such practice is consistent with the guidelines set forth in the Code of Professional Responsibility, since the delegated work in this case was supervised by the attorney, and constituted the type of work that "loses its separate identity and becomes either the product or else merged in the product of the attorney himself." Fla.Bar Code Prof.Resp., EC 3-6. It was a less expensive way of doing things rather than for the attorney to have done all of the work himself.

ON MOTION FOR REHEARING AND IN RESPONSE TO AMICUS CURIAE BRIEF
PER CURIAM.
Appellants have filed a motion for rehearing or clarification of our opinion filed April 9, 1986; and Florida Legal Assistants, Inc. and Jacksonville Legal Assistants have been granted leave to file an amicus curiae brief with respect to the question of attorney's fees for services performed by legal assistants. Subsequently, the Academy of Florida Trial Lawyers was also granted permission to appear of record as amicus curiae in support of appellee and co-amici Florida Legal Assistants, Inc. and Jacksonville Legal Assistants.
Appellants' motion for rehearing alleges that we have misconstrued "the pivotal issue of the relationship between the corporate defendants BRT and BRC," that we have misconstrued the holding of Hendry Tractor Company v. Fernandez, 432 So.2d 1315 (Fla. 1983), and that we have overlooked the case of Williams v. Florida Memorial College, 453 So.2d 541 (Fla. 3d DCA 1984).
Our careful examination of the record reflects evidence that Bill Rivers Corporation owned eighty per cent of the stock at the formation of Bill Rivers Trailers, Inc., indicating that at some point a subsidiary relationship did exist. The issue is not material to the decision, however, in light of the other evidence that the operations of these two corporations were so intertwined that they could not be separated for purposes of prosecution of plaintiff/appellee's claims. Therefore, we find the motion for rehearing on this issue to be without merit.
By the same token, we find no merit in appellants' arguments concerning our construction of Hendry Tractor Company v. Fernandez, and the assertion that we overlooked the case of Williams v. Florida Memorial College. Hendry Tractor Company v. Fernandez, was cited for the principle *1145 that only the party obtaining an affirmative judgment is the prevailing party for purposes of an attorney's fee award pursuant to Section 448.08, Florida Statutes. See also: Community Design Corporation v. Antonell, 459 So.2d 343, 346 (Fla. 3d DCA 1984). Williams v. Florida Memorial College was not addressed in the opinion because it relates to apportionment of legal time relating solely to legal services performed in preparation of the count on which the plaintiff prevailed, i.e., an action for unpaid wages. It is not applicable to this case because this record reflects that the operation of these two entities was so inextricably intertwined that preparation of one count could not, as a practical matter, be separated from the preparation of the other count. Accordingly, appellants' motion for rehearing or clarification is denied.
We turn now to the amicus curiae brief filed on the question of an attorney's fee award for services performed by legal assistants. We have carefully studied the document filed by Florida Legal Assistants, Inc. and Jacksonville Legal Assistants, and supported by the Academy of Florida Trial Lawyers. However, we adhere to our view of the subject as expressed earlier in our majority opinion.
Wherefore, the motion for rehearing is denied.
SMITH and WENTWORTH, JJ. concur.
JOANOS, J., concurs in part & dissents in part with written opinion.
JOANOS, Judge, concurring in part and dissenting in part.
I concur in the majority's denial of the motion for rehearing filed in behalf of appellants.
However, I would, as suggested by the brief of amicus curiae, and, consistent with my earlier view, reconsider the earlier majority opinion and permit compensation of supervised legal work performed by legal assistants on an hourly basis as part of the award of attorney's fees.