The Honorable Richard H. Worch, Jr. Sheriff, Charlotte County 25500 Airport Road Punta Gorda, Florida 33950
Dear Sheriff Worch:
After further communications with your office, it has come to our attention that the issues in this matter result from a tax-watch group questioning the use of sheriff's department uniforms, equipment and vehicles by off-duty deputies performing law enforcement services for private entities. As a result, your original questions have been restated as follows:
1. May a sheriff or deputy sheriff contract with private persons to provide additional law enforcement services beyond those provided under general law?
2. When providing private law enforcement services, is the off-duty deputy considered an employee of the private entity?
3. May off-duty deputy sheriffs use department uniforms, equipment and vehicles when performing private law enforcement services?
4. Is an off-duty deputy performing private law enforcement services required to be licensed under Ch. 493, F.S.?
In sum:
1. Absent statutory authority, a sheriff, in his official capacity, may not contract to provide law enforcement services to private persons or entities.
2. Whether an off-duty deputy sheriff providing security services to a private person or entity is an employee of such person or entity depends upon the factual circumstances of each case and cannot be determined generally by this office.
3. Off-duty deputy sheriffs may use department uniforms, equipment and vehicles, if such use is part of a plan which primarily serves a public purpose.
4. Certified, active law enforcement officers with written permission of the employing law enforcement agency to engage in off-duty, private security service would not be required to be licensed under Ch. 493, F.S.
QUESTION 1:
This office has previously stated that a sheriff, as a constitutional officer, has only those powers and duties which are prescribed by statute or necessarily implied therefrom.[1] While an express power may include the implied authority to use means necessary to make the express power effective, such implied power does not justify the exercise of a substantive power not conferred by statute.[2] Therefore, before a sheriff, in his official capacity, may contract with a private person to provide additional law enforcement services, authority for such conduct must be provided by statute.
The powers and duties of the sheriff and the procedures which govern the operation of the sheriff's office are set forth with particularity in Ch. 30, F.S. Deputy sheriffs, deriving their powers and duties from the sheriff, also are governed by the provisions in Ch. 30, F.S.[3]
In AGO 79-17, this office was asked whether the personnel, office equipment, official material and supplies, and office space of the sheriff's office could be used in connection with the administration and operation of a program for the provision of security services to private businesses by off-duty sheriff's deputies on a volunteer basis. It was found that no general law expressly or by implication authorized the sheriff or his office to operate such a program. Furthermore, there was no authority for the sheriff to incur expenses or use public personnel and property in operating a private security service by off-duty deputies. Such a program would serve to employ and to compensate off-duty deputy sheriffs by private business interests and would not, therefore, serve primarily a public purpose as required by the State Constitution.[4]
Subsequent to AGO 79-17, there have been no changes to Ch. 30, F.S., which would affect the conclusion reached in the opinion.
Accordingly, in the absence of specific statutory authority, a sheriff, in his official capacity, may not operate or administer a program to contract himself or his deputies for private law enforcement services.[5]
I would note that there are state agencies which permit their law enforcement personnel to engage in specified private employment during off-duty hours.[6] The agency policies governing such employment contemplate the following: law enforcement officers must be granted approval by the agency before engaging in off-duty employment; the off-duty employment cannot constitute a conflict of interest with the law enforcement officer's official duties; if a state vehicle is used, reimbursement of the established state mileage rate and proof of obtaining the required insurance for such vehicle are required; and state benefits and protections, such as workers' compensation and other benefits for work-related injury or disability do not apply while engaged in approved off-duty employment. These policies, however, do not provide for the administration or operation of an off-duty employment program by the state agency approving such employment.
While the sheriff may not operate or administer an off-duty employment program, deputy sheriffs, independent of their official duties, may be allowed to perform private security services during their off-duty hours. It appears, however, that rules or policies of the sheriff's department, along with the sheriff's permission, would control such off-duty employment.[7] The administration or operation of a program to provide private off-duty security service, however, may not be undertaken by the sheriff's office.
QUESTION 2:
Given the conclusion in Question One, the sheriff would have nonsupervisory or administrative authority over off-duty deputy sheriffs providing private security services. The existence of an employer-employee relationship between the off-duty deputies and the private entity would depend upon the facts of each case.[8]
Accordingly, any liability which might arise from the actions of an off-duty deputy sheriff would depend upon the facts of each situation and can not be generally passed upon in this opinion.
QUESTION 3:
This office has previously addressed the use of sheriff's department vehicles by off-duty deputies. In AGO 74-384, it was determined that the sheriff could assign department vehicles to department personnel on a permanent basis for use both on and off duty, if done pursuant to rules and regulations ensuring that the program serves a valid public purpose and if done in such a way to ensure compliance with the rules and regulations.
The conclusion in AGO 74-384 was based upon the cited objectives of the plan to provide quicker response of off-duty personnel when called back to duty or to emergency situations, as well as requiring that radio contact be maintained at all times to ensure availability for emergency response and restricting use of the vehicle to within the jurisdictional limits of the law enforcement agency. The opinion stressed, however, that the mere statement that a public purpose is served by allowing the private use of the vehicles is insufficient; rather, it must be shown that the public purpose objectives are fulfilled.
The discussion in AGO 74-384 would apply equally to the private use of equipment and uniforms of the department. As stated in that opinion, it would be incumbent upon any law enforcement agency allowing the private use of department vehicles, equipment or uniforms to maintain data and information necessary to show specifically how such a program is meeting its objectives which make it one serving a valid public purpose.
I would note that the state agency policies for off-duty employment discussed previously contemplate the use of vehicles, equipment and uniforms during the off-duty employment, but only under certain conditions and with prior approval of the law enforcement agency.[9] These policies include requirements that officers using department vehicles during approved off-duty employment provide liability insurance and reimburse the department for all mileage placed on the vehicle during the off-duty use.
QUESTION 4
Generally, Part I, Ch. 493, F.S., requires licensure of those persons who, for consideration, provide watchman, guard or patrol services, or perform private investigation.
Section 493.304, F.S.,[10] in pertinent part, provides:
(2) Any person, firm, company, partnership, or corporation which engages in business as a watchman, guard, or patrol agency must have a Class "B" license
* * *
(5) Any person who performs the services of a watchman, guard, or patrolman must have a Class "D" license.
* * *
(8) Any person who bears a firearm must have a Class "G" license.
Section 493.301(1), F.S.,[11] states several exemptions from the licensure requirements of Ch. 493, F.S., pertinent to this inquiry, as follows:
(a) Any investigator, officer, watchman, guard, or patrolman, and any investigative watchman, guard, or patrol agency performing contractual services solely and exclusively for the Kennedy Space Center or any detective or officer employed by an agency of the United States or this state, or a county or municipality of this state, while such officer is engaged in the performance of his official duties or performing activities approved by his superiors. (e.s.) (b) Any special police officer appointed by the state or by the police department of a city or county within the state while such officer is engaged in the performance of his official duties or performing activities approved by his superiors.
The Department of State (department) is charged with adopting rules for the administration of Ch. 493, F.S.[12] As the agency which implements Ch. 493, F.S., the department's interpretation of the chapter is afforded great weight.[13]
The Department of State has informed this office that it has taken the position that certified, active law enforcement officers who have written permission of their employing law enforcement agency to perform off-duty, private security services are exempt from the licensure requirements of Ch. 493, F.S. It would appear, therefore, that the above-cited exemption from the licensure requirements in Ch. 493, F.S., for officers performing activities approved by their superiors, encompasses approved, off-duty employment.[14]
In light of this interpretation by the Department of State, to which this office must give great deference, it appears that an off-duty deputy sheriff who has the permission of the sheriff to perform private security services is not required to be licensed under Ch. 493, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, AGO's 82-72, 81-89, 81-29 and 79-17. See also, s. 5(c), Art. II, State Const., stating that "[t]he powers, duties compensation and method of payment of state and county officers shall be fixed by law."
[2] See, e.g., Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936).
[3] See, s. 30.07, F.S., authorizing the sheriff to appoint deputies who shall have the same powers as the sheriff appointing them.
[4] See, s. 1, Art. VII, State Const., impliedly limiting the imposition of taxes and expenditure of tax revenues to public purposes, and s. 10, Art. VII, State Const., prohibiting the state or counties or any agency thereof from giving, lending, or using its taxing power or credit to aid any private interest or individual. See also, AGO's 90-8, 73-222 and 71-28.
[5] Accord, AGO 78-151 (sheriff has no statutory authority to receive private funds, deposit such funds into the sheriff's official account or make disbursements of the private funds by official check; sheriff may not undertake unofficially things not expressly or impliedly authorized by law). Compare, AGO 90-8 (On-duty police officers may not be pre-authorized to act as the agents of a private landowner for the purpose of communicating to an alleged trespasser an order to leave the private property pursuant to s. 810.09[2][b], F.S.).
[6] See, Florida Game and Fresh Water Fish Commission, Division of Law Enforcement, s. 6.6.4, Division Directive 52-1, allowing off-duty law enforcement employment with commission approval and use of uniforms and patrol vehicles; and Department of Highway Safety and Motor Vehicles, Florida Highway Patrol, s. 5.19.00, Policy No. 89-018, effective September 1, 1989, allowing outside employment with permission and use of uniforms, personal equipment and the vehicle assigned to the individual.
[7] Cf. s. 561.25(3), F.S., providing that nothing shall prohibit any sheriff or other state, county or municipal officer from being employed as an entertainer or from rendering security services when off duty in any business establishment licensed under Florida's beverage law, provided the written approval of the chief of police, sheriff, or other appropriate department head is obtained for the place and hours of such employment or service.
[8] See, Bill Rivers Trailers, Inc. v. Miller, 489 So.2d 1139,1141 (1 D.C.A. Fla., 1986) (four elements which determine whether a master and servant relationship exists are [1] the selection and engagement of the servant,[2] the payment of wages, [3] the power of dismissal, and [4] the control of the servant's conduct).
[9] See, Footnote 6, supra.
[10] Section 10, Ch. 90-364, Laws of Florida, repeals s. 493.304, F.S., effective October 1, 1990. Section 4, Ch. 90-364, Laws of Florida, creates s. 493.6301, F.S., providing:
(1) Any person, firm, company, partnership, or corporation which engages in business as a security agency shall have a Class "B" license. A Class "B" license is valid for only one location.
* * *
(5) Any individual who performs the services of a security officer shall have a Class "D" license. (6) Only Class "M," Class "MB," or Class "D" licensees are permitted to bear a firearm, and any such licensee who bears a firearm shall also have a Class "G" license.
[11] Section 10, Ch. 90-364, Laws of Florida, repealed s. 493.304, F.S., effective October 1, 1990. Section 2, Ch. 90-364, Laws of Florida, creates s. 493.6102, F.S., which provides, in pertinent part, that Ch. 493, F.S., does not apply to:
(1) Any individual who is an "officer" as defined in s. 943.10(14) or is a law enforcement officer of the United States Government, while such local, state, or federal officer is engaged in his official duties or when performing off-duty activities, not including repossession services, approved by his superiors.
[12] Section 493.302, F.S.
[13] See, PW Ventures, Inc. v. Nichols, 533 So.2d 281 (Fla. 1988) and Reedy Creek Improvement District v. State Department of Environmental Regulation, 486 So.2d 642 (1 D.C.A. Fla., 1986).
[14] Cf., AGO 75-289 in which this office concluded under s. 493.11(1), F.S. (1975), providing that Part I, Ch. 493, F.S., shall not apply to any officer of the United States, this state, or any county or municipality, while such officer is performing his official duties, that an off-duty officer providing armed security services to a private entity must be licensed under Ch.493, F.S., inasmuch as the officer cannot be said to be on duty. Section 493.11, F.S., was repealed by s. 5, Ch. 80-268, Laws of Florida, and replaced by s. 493.301, F.S.