WETHERELL, J.
 

 Petitioner seeks review of a circuit court order affirming three county court orders awarding a total of $161,196.25 in attorney’s fees and costs to Respondents for prevailing in the underlying personal injury protection (PIP) cases. Petitioner contends that the circuit court departed from the essential requirements of law in affirming the county court orders because 1) the county court erred in applying a contingency risk multiplier to the paralegal fees included in the award, and 2) the county court abused its discretion in awarding “a high hourly fee and a multiplier” in these “fairly routine cases.” We deny the petition and write only to address Petitioner’s first claim, which appears to be an issue of first impression.
 

 Respondents initiated the underlying PIP cases after Petitioner stopped paying medical bills for injuries sustained by Respondents in separate motor vehicle accidents. One of the cases went to trial, resulting in a judgment for Respondents; the other two cases settled with Petitioner agreeing to resume paying the medical bills. Respondents thereafter sought an award of attorney’s fees and costs in each case pursuant to section 627.428, Florida Statutes.
 

 Petitioner did not contest Respondents’ entitlement to attorney’s fees, but because the parties were unable to agree on the amount of the award, the county court held an evidentiary hearing on the issue. At the hearing, the parties stipulated to the hourly rate ($95.00/hour) and number of hours to be awarded for paralegal work. The parties presented conflicting evidence as to the reasonable hourly rate and number of hours for Respondents’ attorney and as to the justification for applying a multiplier to the award.
 

 In detailed orders, the county court resolved the conflicts in the evidence and found that the reasonable hourly rate for Respondents’ attorney was $350.00/hour and that a 1.5 multiplier was justified in one of the cases and that a 2.0 multiplier was justified in the other two cases. The county court applied the multipliers to the entire fee award, including the paralegal fees. Petitioner appealed the county court’s orders to the circuit court, raising the same two issues stated above. The circuit court consolidated the cases and
 
 per curiam
 
 affirmed the county court’s orders. Petitioner timely petitioned this court for a writ of certiorari.
 

 
 *295
 
 The scope of our review in this second-tier certiorari proceeding is limited to determining whether the circuit court afforded due process or departed from the essential requirements of law.
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003). It is undisputed that the circuit court afforded due process; the only issue is whether it departed from the essential requirements of law in affirming the county court orders. A departure from the essential requirements of law is something more than a simple legal error; there must be a violation of a clearly established principle of law that results in a miscarriage of justice.
 
 Id.
 
 (citing
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000)). “Clearly established law” can derive from controlling case law, rules of court, statutes and constitutional law.
 
 Id.
 
 at 890.
 

 The parties have not cited, nor have we been able to locate, any controlling authority as to whether the multiplier is to be applied only to attorney’s fees or whether it may also be applied to paralegal fees. Relying primarily on two federal district court decisions, Petitioner argues that the multiplier is to be applied only to attorney’s fees and that the circuit court departed from the essential requirements of law in affirming the county court’s application of the multipliers to the paralegal fees. In response, Respondents cite section 57.104, Florida Statutes, which provides:
 

 In any action in which attorney’s fees are to be determined or awarded by the court, the court shall consider, among other things, time and labor of any legal assistants who contributed nonclerical, meaningful legal support to the matter involved and who are working under the supervision of an attorney.
 

 Respondents argue that based upon this statute, the county court properly included the paralegal fees in the attorney’s fee award to which the multipliers were applied and that the circuit court did not violate any “clearly established law” in affirming the county court’s orders. Respondents also argue that the failure to apply a multiplier to paralegal fees would compel attorneys to assign paralegal tasks to associate attorneys or perform the work themselves at much higher rates, which would substantially increase the attorney’s fees paid by insurers and other responsible parties.
 

 Section 57.104 was enacted in 1987 in response to this court’s decision in
 
 Bill Rivers Trailers, Inc. v. Miller,
 
 489 So.2d 1139 (Fla. 1st DCA 1986). The statute was intended to “reverse” that decision and “specifically provide that an award of attorney’s fees would include an award for the services of a legal assistant employed by the attorney.”
 
 See
 
 Fla. H.R. Comm, on Judiciary, HB 0535 (1987) Staff Analysis, at 1 (rev. Apr. 28, 1987) (available at Fla. Dep’t of State, State Archives, Tallahassee, Fla.).
 

 Bill Rivers Trailers
 
 involved a suit over commissions on the sale of refrigerated trailers. 489 So.2d at 1140. The dispute was submitted to arbitration and was resolved in favor of the plaintiff, Miller.
 
 Id.
 
 at 1141. Miller subsequently moved for an award of attorney’s fees and costs as the prevailing party.
 
 Id.
 
 The trial court granted the motion and, among other things, awarded fees for the substantive legal work performed by a legal assistant.
 
 Id.
 
 On appeal, this court affirmed the trial court’s determination that Miller was the prevailing party, but reversed the fee award because only the attorney’s fees (and not the legal assistant’s fees) were recoverable.
 
 Id.
 
 at 1143. The court remanded for a determination of a reasonable fee “based upon all appropriate factors having no direct arithmetical relation
 
 *296
 
 to the number of hours expended by legal assistants who are not attorneys.”
 
 Id.
 

 Judge Joanos dissented from the reversal of the fees awarded for the work of the legal assistant.
 
 Id.
 
 at 1143 (Joanos, J., concurring in part and dissenting in part). In his view, it was appropriate to separately itemize and include the legal assistant’s fee as part of the attorney’s fee award.
 
 Id.
 
 at 1143-44. Judge Joanos also observed that it was unrealistic to require work needing less expertise and experience to be performed by the attorney in order to be compensated and he pointed out that a legal assistant, performing delegated work under the supervision of counsel and for which counsel is responsible, was “a less expensive way of doing things rather than for the attorney to have done all of the work himself.”
 
 Id.
 
 at 1144. These observations are borne out by the facts of this case, which reflect that a significant amount of the legal work was done by the paralegal at an hourly rate that was less than one-third of the attorney’s hourly rate.
 

 Judge Joanos’ observations and section 57.104 are consistent with the prevailing view that an attorney’s fee award may include paralegal fees because the paralegal’s work is a component of the attorney’s work product. In
 
 Missouri v. Jenkins,
 
 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), for example, the Court held that the term “reasonable attorney’s fee” in 42 U.S.C. § 1988 encompasses not only the work of the attorney, but also that of paralegals whose labor contributes to the attorney’s ultimate work product.
 
 Id.
 
 at 285, 109 S.Ct. 2463 (“We thus take as our starting point the self-evident proposition that the ‘reasonable attorney’s fee’ provided for by statute should compensate the work of paralegals, as well as that of attorneys.”). The Court also observed that the use of lower cost paralegals rather than attorneys encourages cost-effective delivery of legal services and reduces the cost of litigation because, if paralegal fees were not recoverable as part of the attorney’s fee award “it would not be surprising to see a greater amount of such work performed by attorneys themselves, thus increasing the overall cost of litigation.”
 
 Id.
 
 at 288 n. 10,109 S.Ct. 2463.
 

 The Court recently reaffirmed
 
 Jenkins
 
 in
 
 Richlin Security Service Co. v. Chertoff,
 
 553 U.S. 571, 128 S.Ct. 2007, 170 L.Ed.2d 960 (2008), where it held the term “attorney’s fees” in another federal statute included fees for paralegal services as well as compensation for the attorney’s own labor. As in
 
 Jenkins,
 
 the Court declared that it was “self-evident” that the statute embraced not only attorney’s fees, but also paralegal fees.
 
 Id.
 
 at 2014-15.
 

 Although none of these cases involved the application of a multiplier to paralegal fees, the cases (and section 57.104) clearly establish the principle that the paralegal’s work is a component of the attorney’s ultimate work product. This, in turn, provides support for the application of the multiplier to paralegal fees because the purpose of the multiplier is to enhance the fee calculated under the lodestar methodology to take into account the fact that an attorney working on a contingent fee contract is generally not compensated for any of the services provided to a client when the client does not prevail.
 
 See Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145, 1151 (Fla.1985) (“Because the attorney working under a contingent fee contract receives no compensation when his client does not prevail, he must charge a client more than the attorney who is guaranteed remuneration for his services.”),
 
 reaffirmed in pertinent part by, Standard Guaranty Ins. Co. v. Quanstrom,
 
 555 So.2d 828, 834 (Fla.1990). Because the potentially uncompensated legal services
 
 *297
 
 provided to the client include not only the attorney’s work, but also the paralegal’s work, it is appropriate to apply the multiplier to the paralegal fees included in the award. Stated another way, because the paralegal’s work is part of the legal services provided to the client, there is no principled reason to treat paralegal fees any different from attorney’s fees in regards to the application of the multiplier.
 
 Cf. Jenkins,
 
 491 U.S. at 287,109 S.Ct. 2468 (rejecting the argument that awarding paralegal fees at the prevailing market rate, rather than the cost to the attorney, would result in a windfall to the attorney because that same argument would apply to associate attorneys and it has never been suggested that the hourly rate applied to the work of an associate attorney in a law firm creates a windfall for the firm’s partners or is otherwise improper).
 

 The federal district court cases cited by Petitioner do not compel a contrary decision. First, the cases are not binding precedent; they are, at most, persuasive authority.
 
 See Roland v. Fla. E. Coast Ry., LLC,
 
 878 So.2d 1271, 1275 n. 5 (Fla. 3d DCA 2004) (stating that decisions of federal courts other than U.S. Supreme Court are persuasive, but not binding). Second, one of the
 
 cases
 
 — Louis
 
 v. Nelson,
 
 646 F.Supp. 1300 (S.D.Fla.1986) — pre-dat-ed
 
 Jenkins
 
 and section 57.104, and the other
 
 case
 
 — Zunde
 
 v. Int’l Paper Co.,
 
 2000 WL 1763843 (M.D.Fla. Jul.20, 2000) — is not even published in the official reporters. Third, neither of the cases includes any analysis supporting the decision not to apply the multiplier to paralegal fees; the cases merely make a blanket statement that the paralegal fees are not to be increased by a multiplier.
 
 See Zunde,
 
 2000 WL 1763843, at *9 (“The paralegal fees are not to be increased by the multiplier.”);
 
 Louis,
 
 646 F.Supp. at 1320 (“Although law clerk and paralegal services constitute a part of attorney’s fees, there is no basis for applying any multiplier to the figures.”).
 

 In sum, because there is no “clearly established law” prohibiting the application of a multiplier to paralegal fees that are included as part of an attorney’s fee award, and because section 57.104 clearly supports the inclusion of the paralegal fees as attorney’s fees, we conclude that the circuit court did not depart from the essential requirements of law in affirming the county court orders at issue in this case. Accordingly, the petition for writ of certio-rari is DENIED.
 

 WEBSTER and MARSTILLER, JJ., concur.