PER CURIAM.
Appellant, Monopoly Realty, Inc., appeals a final judgment in a contract action awarding appellee, World Business Brokers, Inc., 50% of a real estate commission. We affirm.
Appellant and appellee were both real estate brokers with a number of years of experience. Appellant and appellee signed a co-brokerage agreement for the sale of commercial real estate property. As consideration for the agreement, appellee provided appellant with information that the property was for sale. Appellant eventually sold the property and received a real estate commission.
Appellant sought to avoid sharing the commission with appellee, claiming that ap-pellee had not assisted in the sale and did not even have a listing of the property. Appellant also pointed to correspondence it had sent to the appellee, attempting to rescind the contract between them.
The trial court found that the contract between appellant and appellee, albeit a “bad deal” for appellant: (1) was supported by appropriate consideration (the information that the property was for sale); and (2) could not have been cancelled by appellant after the receipt of the information. The trial court held that appellee had performed its obligation under the terms of the contract and the contract was, therefore, enforceable. We agree.
The hoary principle stated over 100 years ago continues to be the law of Florida:
When parties deliberately put their engagement into writing, in such terms as impart a legal obligation without any uncertainty as to the object or extent of their engagement, it is as between them, conclusively presumed that the whole engagement and the extent and manner of their undertaking is contained in the writing_ No other language is admissible to show what they meant or intended....
Perry v. Woodberry, 26 Fla. 84, 7 So. 483 (1890); see also Juster v. Montgomery Ward Development Corporation, 496 So.2d 851 (Fla. 2d DCA 1986); J.C. Penney Company, Inc. v. Koff, 345 So.2d 732 (Fla. 4th DCA 1977).
Nothing in the agreement imposed a duty on appellee to have a listing or affirmatively perform any act. Once appellee provided the information that the property was for sale, it had complied with the terms of the particular agreement between appellee and appellant. The parties were then bound by their contract.
Affirmed.