647 So.2d 962 (1994)
Robert HIGGS, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, an Agency of the State of Florida; and Manuela F. Decespedes, M.D., in her individual capacity, Appellees.
No. 93-2308.
District Court of Appeal of Florida, First District.
December 7, 1994.
Rehearing Denied January 26, 1995.
*963 Peter M. Siegel and Randall C. Berg, Jr., of Florida Justice Institute, Inc., Miami, for appellant.
Craig A. Dennis and John A. Grant, of Dennis & Bowman, P.A., Tallahassee, for appellees.
PER CURIAM.
This is an appeal from an order granting a motion to dismiss for failure to state a cause of action. Appellant, an inmate, alleged in an action brought under 42 U.S.C. § 1983, that appellee, a physician at Charlotte Correctional Institution, in her individual capacity, was guilty of deliberate indifference to his serious medical needs in violation of the eighth amendment to the U.S. Constitution. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
In the motion to dismiss for failure to state a cause of action, appellee asserted that appellant's complaint was "based on the failure of a prison doctor to order x-rays," and further asserted that "[t]he United States Supreme Court has stated emphatically that the failure to order x-rays does not rise to the level of a constitutional violation," citing Estelle v. Gamble. In granting the motion to dismiss, the trial court stated that the allegations in the complaint were insufficient to support a claim for deliberate indifference, apparently accepting appellee's argument that the complaint was based on the failure to order x-rays.
Appellee maintains on appeal that this case is indistinguishable from Estelle, and is based on the failure to order x-rays. Appellant argues the allegations in the complaint indicate appellee severely mismanaged or was grossly incompetent in dealing with appellant's injury, and that this case is distinguishable from Estelle, in that it is not simply a case in which the prison medical staff and the inmate disagreed about treatment, and it is not based on the mere failure to order x-rays. We agree with appellant. Although in both Estelle and in the allegations of the instant case, the inmates made numerous visits to the prison clinic with their complaints, the present case does not involve a unanimous medical staff in disagreement with an inmate as did Estelle. Nor is it based on the mere failure to order x-rays. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106, 97 S.Ct. at 292. "When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." Mandel v. Doe, 888 F.2d 783, 789 (11th Cir.1989). "[I]ndifference can be manifested by prison doctors in taking the easier and less efficacious route in treating an inmate," and "medical care that is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the eighth amendment." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986). "Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment... . Whether an instance of medical misdiagnosis resulted from deliberate indifference *964 or negligence is a factual question requiring exploration by expert witnesses." Id.
The present case involves allegations from which might be inferred a significant, unexplained delay in providing appropriate diagnosis and treatment, despite numerous alleged attempts by appellant to obtain medical assistance, ultimately rendering correction of an obvious facial deformity impossible, as well as allegations which indicate that the injuries and need for diagnosis and treatment were obvious to other physicians months after they initially occurred.
When reviewing an order granting a motion to dismiss for failure to state a cause of action, "it must be assumed that all allegations in the complaint are true and all reasonable inferences must be drawn in favor of the pleader." Abruzzo v. Haller, 603 So.2d 1338 (Fla. 1st DCA 1992); see also Shahid v. Campbell, 552 So.2d 321 (Fla. 1st DCA 1989). Applying the standards set forth herein to the circumstances of this case, we conclude the trial court erred in granting the motion to dismiss.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, LAWRENCE and DAVIS, JJ., concur.