672 So.2d 69 (1996)
H. Harry BRANAM and Jeanette Branam, Appellants,
v.
AQUA-CLEAR POOLS, INC., Appellee.
Nos. 94-2564, 95-2951.
District Court of Appeal of Florida, Third District.
April 17, 1996.
Paul Morris, Coral Gables, for appellants.
Jonas & Silberman and Daniel E. Jonas, Miami Beach, for appellee.
Before LEVY, GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
J. Harry Branam and his wife, Jeanette Branam [the Branams], appeal an adverse final judgment and a judgment of attorney's fees, entered after a jury verdict in favor of Aqua-Clear Pools, Inc. We find that the verdict was against the manifest weight of the evidence and reverse both judgments.
The Branams entered into a contract with Aqua-Clear for the construction of a pool, spa, and patio, after having requested price estimates from Aqua-Clear and two other companies. Aqua-Clear, although the highest in price of the companies, was selected by the Branams on the basis of its promise of first-class workmanship. Aqua-Clear's performance under the contract was not to the satisfaction of the Branams, who declined to pay the balance of the contract price. Aqua-Clear sued for the balance and the Branams counterclaimed for damages incurred in correcting allegedly unworkmanlike performance by Aqua-Clear.
The record, including photographic evidence, clearly and unequivocally demonstrates flawed workmanship by Aqua-Clear. The interlocking bricks of the patio were installed without the proper foundation, causing gaps; the patio was not pitched, causing drainage problems (the only drainage available being through the gaps in the interlocking bricks); the border of the patio was a non-matching cement finish; the pool pump room was built so as to lean over; the spa was built out of round; etc. The Branams were forced to contract for and expend sums for corrective work. The proper result was then achieved, as reflected by subsequently taken photographic evidence.
We are unable to reach into the jurors' minds to determine what swayed them in arriving at a verdict in favor of Aqua-Clear. However, the verdict was "`manifestly against the weight of the evidence [and] contrary to [its] legal effect,' [thus] [i]n conscience *70 we could not allow this result to stand." See State v. Moses, ___ So.2d ___ [1996 WL 82673], 21 Fla.L.Weekly D525, D526 n. 1 (Fla. 3d DCA February 28, 1996) (citing Florida Nat'l Bank of Gainesville v. Sherouse, 80 Fla. 405, 86 So. 279 (1920)), and cases cited therein. Accordingly, in case no. 94-2564, we reverse and remand with directions to (1) enter judgment in favor of the Branams in the action brought by Aqua-Clear; (2) enter partial judgment for liability of Aqua-Clear in the action brought by the Branams; and (3) grant a new trial on the issue of the amount of damages in the Branams' claim against Aqua-Clear. In case no. 95-2951, we reverse the judgment of attorney's fees.
Reversed and remanded.