SCHWARTZ, C.J.
The appellee Hersh is an architect, who sued the appellant, a roofing contractor, on a claim it had orally agreed that if Hersh recommended it to another architect who was in charge of a large project for the repair of hurricane damage and it eventually got the job, the company would pay Hersh a fee of what was subsequently agreed to be approximately 4% of the contract price. The jury returned a verdict of $138,108.00 for Hersh, and after its post trial motions were denied, the company now appeals from the resulting judgment.
It is clear that the plaintiffs claim is supported by the law, see Monopoly Realty, Inc. v. World Business Brokers, Inc., 562 So.2d 387 (Fla. 3d DCA 1990), and a view of the evidence, primarily Hersh’s own sworn testimony the jury had a right to accept. We confess that we are skeptical as to the accuracy of a finding that a roofer agreed to pay over $138,000.00 merely for suggesting its availability in the post-Andrew era when roofers were almost impossible to come by at any price. Nevertheless, because we cannot in good conscience find that the result is so obviously contrary to the manifest weight of the evidence and the “justice of the cause” as to fall within that narrow class of cases in which an appellate court may grant a new trial notwithstanding the existence of evidence which justifies the verdict, see Branam v. Aqua-Clear Pools, Inc., 672 So.2d 69 (Fla. 3d DCA 1996), we are bound to affirm. See Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995); Raheb v. Di Battisto, 483 So.2d 475 (Fla. 3d DCA 1986). Affirmed.