[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2009
THOMAS K. KAHN
CLERK

No. 09-12310
Non-Argument Calendar
_____

D.C. Docket No. 07-20619-CV-DLG

ELLER MEDIA CORPORATION,

Plaintiff-Appellant,

versus

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2009)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

Eller Media Corporation n/k/a Clear Channel Outdoor, Inc. commenced this

action in state court against National Union Fire Insurance Company of Pittsburgh,

PA and AIG Technical Services Inc. The action was removed to federal court as a diversity case.[1]

Jorge Luis Cabrera, a minor, was electrocuted near a bus shelter on or about October 12, 1998. Eller had performed the electrical installation at the bus shelter. The Miami-Dade County State Attorney's Office prosecuted Eller for criminal manslaughter, alleging that Eller had performed defective electrical work at the shelter. Eller spent significant sums of money in its criminal defense. Some of these funds were spent on "work product", including expert witnesses and developing defense strategies. As Eller points out in its brief, "[a]lthough some 'work product' in the legal sense may have been included, the term 'work product' is used descriptively and not as the term is traditionally used when referring to a legal privilege." (Appellant's Brief at 8 n.2.) We use the term in the same sense. The criminal case ended in an acquittal for Eller in April 2001.

Cabrera's family initiated a civil wrongful death action against Eller on October 20, 1998. Eller's primary insurer, Reliance Insurance Company, initially provided Eller's defense. On September 14, 2001, however, the policy limits were exhausted. As a result, National Union took over Eller's defense pursuant to Eller's Commercial Umbrella Policy. Eller claims that National Union used work product

_____

[1]The claims against AIG were dismissed with prejudice after removal.

2

created and paid for by Eller during its criminal proceedings, in National Union's civil defense of Eller, but refused to pay for the work product.

Eller brought suit against National Union, asserting claims for unjust enrichment, quantum meruit, and breach of contract. Both parties moved the district court for summary judgment. National Union sought summary judgment on all three counts of Eller's complaint. Eller opposed National Union's motion for summary judgment, and sought partial summary judgment on the breach of contract claim, or in the alternative, liability based upon unjust enrichment or quantum meruit. (R.5-131 at 3.) The district court granted National Union's motion for summary judgment, and denied Eller's motion. (R.5-131 at 18.) Eller appeals, contending that the district court erred in granting summary judgment to National Union on each of its three claims.

We first consider the unjust enrichment claim. In order to prevail under such a claim in Florida, Eller must demonstrate facts, that if accepted as true, would establish: (1) that a benefit was conferred upon National Union; (2) that National Union either requested the benefit or voluntarily accepted it; and (3) that under the present circumstances, it would be inequitable for National Union to retain the benefit without paying for it. *W.R. Townsend Contracting, Inc. v. Jensen Civil Const. Inc.*, 728 So.2d 297, 303 (Fla. 1st Dist. Ct. App. 1999).

Although Eller argues otherwise, courts may resolve unjust enrichment claims on summary judgment. *See e.g., Nova Info. Sys., Inc. v. Greenwich Ins. Co., NAC*, 365 F.3d 996 (11th Cir. 2004). We assume for purposes of this appeal, as did the district court, that Eller established the first two elements of an unjust enrichment claim. Nevertheless, we agree with the district court that no inequity would occur by allowing National Union to retain the benefit of the work product without paying Eller for it. "[E]quity suggests that National Union should not be required to pay for the 'work product' of Eller that Eller generated in its own criminal defense, which was ultimately used again for the benefit of Eller in its civil defense." (R.5-131 at 14.) Eller disputes the district court's conclusion that it received a benefit from National Union's representation. Instead, Eller contends that it was National Union that received a benefit from use of the work product, because National Union was subjected to the financial exposure in the civil suit, not Eller. We disagree.

Regardless of any benefit National Union received or the nature of Eller's limited financial exposure, it is undeniable that Eller received *some* benefit from National Union's use of the work product during its civil defense of Eller. Moreover, Eller certainly benefitted during its criminal proceedings from the work product it developed. "Ordinarily, restitution is not available under an unjust enrichment theory for a benefit conferred as an incident of a plaintiff's having acted primarily for his or

4

her own benefit." 66 Am. Jur. 2d, *Restitution and Implied Contracts*, § 13. Thus, although it was "fortuitous" for National Union to use Eller's work product during its representation of Eller, (R.5-131 at 15), that work product was used solely for the benefit of Eller during the criminal proceedings and at least partly for the benefit of Eller during the civil action. We concur with the district court that if Eller's logic were followed, National Union would have been able to start from scratch and forego using the work product that already existed. "However, if National Union had followed such a course of conduct . . . it is questionable whether National Union would have been acting in the best interest of [Eller] and/or acting in good faith in the resolution of it[s] insured's claims." (Dist. Ct. Order, R.1-131 at 14-15) (*citing Nat'l Union First. Ins. Co. v. Travelers Ins. Co.*, 214 F.3d 1269, 1274 (11th Cir. 2000)). Because no inequity would result by allowing National Union to use the work product without providing compensation to Eller, the district court did not err in granting summary judgment to National Union on the unjust enrichment claim.

Having considered the briefs on the other issues, we conclude that the district court properly granted National Union summary judgment on Eller's breach of contract and quantum meruit claims for the reasons stated in its order on the motion. (R.5-131.)

AFFIRMED.