KAHN, J.
Appellants Tribune Company Holdings, Inc., and Media General Operations, Inc., challenge a final order dismissing their second amended complaint with prejudice. Because the complaint states a cause of action, we reverse and remand.

FACTUAL & PROCEDURAL BACKGROUND

The facts for purposes of this appeal are gleaned from the second amended complaint, dismissed by the trial court. See Higgs v. Fla. Dep’t of Corr., 647 So.2d 962, 964 (Fla. 1st DCA 1994) (providing that court reviewing order granting motion to dismiss must assume all facts in the complaint to be true). Appellant Tribune Company Holdings, Inc. (Tribune), is a wholly-owned subsidiary of appellant Media General Operations, Inc. Tribune is a commercial printer and publisher of newspapers, inserts, and other advertising material for sale.
On May 24, 2002, Tribune filed with the Department of Revenue (Department) an application for refund of sales and use taxes paid during the periods of July 1, 1999 to March 8, 2002, and July 1, 1999 to April 80, 2002. Appellant requested the refunds for taxes paid for film and plates used in the printing and production of newspapers, advertising inserts, and other advertising materials done for resale, pursuant to section 212.08(7)(fff), Florida Statutes (1999).[1] On June 30, 2003, the Department issued a Notice of Proposed Refund Denial for each of the requested refunds. The Department denied the refunds, asserting that Tribune was not assigned a Standard Industry Code (SIC) classification that would qualify it for such refunds under section 212.08(7)(fff). The SIC, promulgated by the U.S. Office of Management and Budget, is the federal government’s system for classifying industries by code. The assignment of a particular commercial entity to a certain classification is based on the entity’s predominant business activity. Each SIC code is part of a larger Industry Group.[2] Presently, the SIC is being supplanted by the North American Industry Classification System (NAICS), though certain government departments and agencies still use the SIC codes. After Tribune appealed the denial of a refund, the Department issued a Final Notice of Refund Denial, basing the determination on its own assessment that Tribune’s business activities fell under Industry Group *764 Number 271 (newspaper publishing and printing).
Believing it had been assigned the wrong code, Tribune asked the Department to change its SIC number to reflect its proper classification as a commercial printer and newspaper publisher, as the Department had done for other newspaper publishers operating as commercial printers.[3] The Department advised appellant that it could not change the existing code, and that Tribune would have to contact the Florida Agency for Workforce Innovation (AWI) to initiate the desired change. As instructed, appellant contacted AWI and requested the agency to change its SIC code to reflect its status as a newspaper publisher and commercial printer. AWI, through Kathy Hughes, responded that it could not, or would not, change the classification.
Tribune next brought this action for damages and declaratory and injunctive relief to contest the Department’s denial of tax refunds. The Department moved to dismiss the complaint for failure to state a cause of action upon which relief could be granted, citing Tribune’s failure to allege that it or any of its separate and distinct property cites had been assigned an SIC code enumerated in section 212.08(7)(fff), Florida Statutes (allocating tax exemption for “materials purchased, produced, or created by businesses classified under SIC Industry Group Numbers” 275 (commercial printing), 276, 277, 278, or 279 “for use in producing graphic matter for sale”). After a hearing on the motion, the trial court dismissed the complaint with leave to amend.
Tribune filed an amended complaint, alleging its entitlement to an SIC code that would qualify for an exemption. The Department moved to dismiss, again arguing that appellant did not allege ultimate facts entitling it to relief, i.e., during the time period for which the refund was sought, appellant had in fact been classified under one or more of the qualifying SIC numbers. The trial court granted this motion, too, dismissing the amended complaint with leave to amend.
Tribune then filed a second amended complaint, alleging that the Department and/or AWI had “actually changed (or implicitly changed) the SIC code for other newspaper publishers ... to allow them to claim this exemption as commercial printers.” In light of agency inaction to honor Tribune’s requests for a change in SIC classification, appellant asked the trial court “to determine that [it] is entitled to a refund on the sales tax paid ... and also declare that the Tribune ... be assigned the proper SIC code to be recognized as a commercial printer.... ” The trial court dismissed the second amended complaint with prejudice, concluding as a matter of law that the complaint failed to state a cause of action. “[T]here is no allegation,” the court reasoned, “that directly places the Plaintiff as having the classification which would entitle it to a refund under ... section [212.08(7)(fff) ], Florida Statutes.”

*765
ANALYSIS

We review de novo the dismissal of a complaint with prejudice for failure to state a cause of action. Magnum Capital, LLC v. Carter & Assocs., LLC, 905 So.2d 220, 221 (Fla. 1st DCA 2005). On the basis of the Final Notice of Refund Denial — which stated that Tribune fell under Industry Group Number 271, as being engaged primarily in publishing newspapers and therefore ineligible for the subject tax exemption — the Department argues that Tribune did not state a cause of action in the second amended complaint because it could not allege classification under any of the qualifying SIC numbers during the period for which Tribune requested the tax refunds.
“Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration.” May v. Holley, 59 So.2d 636, 639 (Fla.1952). “[T]he declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.” Id. When reviewing an order granting a motion to dismiss for failure to state a cause of action, “it must be assumed that all allegations in the complaint are true and all reasonable inferences must be drawn in favor of the pleader.” Higgs, 647 So.2d at 964; see also W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999) (citing Response Oncology, Inc. v. Metrahealth Ins. Co., 978 F.Supp. 1052, 1058 (S.D.Fla.1997) (providing that “courts must liberally construe factual allegations in complaint and reasonably deductible inferences therefrom”)).
The second amended complaint alleges a classification error that prevents Tribune from enjoying certain tax exemptions to which it is otherwise entitled. Assuming, as we must, that Tribune has been erroneously classified under the SIC scheme and that the Department has the authority to correct the error, the second amended complaint suffers from no deficiency. Tribune’s allegations make out a claim that its rights and privileges are “dependent upon the facts or law applicable to the facts” alleged, thus establishing a “present practical need” for the declaratory relief sought. See Holley, 59 So.2d at 639.
The trial court, recognizing that appellant did not allege an assigned SIC classification that would entitle it to the refunds requested, perhaps focused too narrowly upon the SIC matter. Tribune has properly placed at issue its entitlement to a refund. Whether Tribune can establish a right to ultimate relief is a question properly resolved by a motion for summary judgment or trial on the merits. See McWhirter, Reeves, McGothlin, Davidson, Rief, & Bakas, P.A. v. Weiss, 704 So.2d 214 (Fla. 2d DCA 1998) (providing that “[a] motion to dismiss, filed pursuant to Florida Rule of Civil Procedure 1.140(b)(6), tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact”). Because Tribune stated a cause of action in the second amended complaint, we REVERSE and REMAND for further proceedings.
PADOVANO and WETHERELL, JJ., concur.

. Both parties, as well as the trial court, cite section 212.08(7)(yy), Florida Statutes, as the statutory exemption on which the refund depends. We observe, however, that the relevant provision has been renumbered several times in recent history, beginning in 1999. We therefore cite to the exemption as it existed at the onset of the period to which the refund request pertains, which is section 212.08(7)(fff), Florida Statutes (1999).

. The Department indicated that Tribune had been assigned an SIC code within Industry Group Number 596 (non-store retailers). Though we cannot discern as much from the record, presumably this code assignment originated from the federal government.

. The U.S. Census Bureau maintains:
There is no central government agency with the role of assigning, monitoring or approving NAICS [or SIC] codes. Individual establishments are assigned NAICS codes by various agencies for various purposes.... The U.S. Census Bureau has no formal role as an arbitrator of NAICS classification.
[[Image here]]
There is no official way to have a company's SIC or NAICS code changed.... For this reason, we recommend that you contact the agency that has assigned the code you think should be changed.
www.census.gov/epcd/www/drnaics.htm.