OTT, Judge.
We reverse the dismissal of appellant’s complaint for breach of contract and tor-tious interference with a business relationship.
Appellant leased retail space from appel-lees. The written lease provided for a base minimum rent plus a percentage of appellant’s gross sales receipts. The lease also prohibited appellant from assigning or subletting the premises without the written consent of appellees.
Appellant’s complaint alleged, inter alia, that appellant entered into a contract to sublet the premises to Freight Sales, Inc. The sublease was to commence on October 15,1982. Appellant sought written approval of the sublease from appellees. Approval was not provided by October 15, 1982, and Freight Sales, Inc., withdrew from the transaction. Appellees communicated their approval of the sublease on October 25, 1982. The complaint further alleged that appellees breached an obligation of good faith implied in the lease agreement by withholding consent to the sublease.
The trial court dismissed the complaint with prejudice, finding that appellant had not given appellees sufficient time to fully investigate the financial and production capabilities of Freight Sales, Inc. In so doing, the trial court impermissibly looked beyond the four corners of the complaint and resolved a question of fact. See, e.g., East Naples Water Systems, Inc. v. Board of County Commissioners of Collier County, 457 So.2d 1057 (Fla. 2d DCA 1984).
We REVERSE the trial court’s order dismissing the complaint and REMAND for further proceedings consistent herewith.
RYDER, C.J., and FRANK, J., concur.