PER CURIAM.
This is an appeal from an order of the trial court dismissing a complaint with prejudice for failure to state a cause of action. In the complaint, the Department of Health and Rehabilitative Services sought reimbursement of public assistance paid on behalf of a minor child. Because we find that the complaint states a cause of action, we reverse.
The complaint, which alleges, inter alia, that the minor child has been the beneficiary of public assistance and that the father/appel-lee is a legally responsible parent, states a cause of action under section 409.2561, Florida Statutes (1993). While the complaint is neither a model of clarity nor specificity, it states ultimate facts sufficient to indicate the existence of a cause of action for reimbursement of public assistance funds. See Greenwald v. Triple D Preparations, Inc., 424 So.2d 185 (Fla. 4th DCA 1983) (a complaint need only state ultimate facts sufficient to indicate the existence of a cause of action).
Additionally, we find that the trial court impermissibly received evidence and went beyond the four corners of the complaint in ruling on the motion to dismiss. See Burnett Corp. v. Strawgate, 475 So.2d 1006 (Fla. 2d DCA 1985) (in ruling on a motion to dismiss, the trial court may not look beyond the four corners of the complaint).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
DELL, C.J., and HERSEY and STEVENSON, JJ., concur.