670 So.2d 1016 (1996)
Inger PRESS, Trustee and Lisa Sanders, Appellants,
v.
Charles C. JORDAN, Janet E. McMahon, Marr Properties, Inc., and J. Poole & Associates, Inc., Appellees.
No. 95-2349.
District Court of Appeal of Florida, Third District.
February 21, 1996.
Clarification Denied April 17, 1996.
*1017 Tucker & Tighe and Thomas J. Tighe, Ft. Lauderdale, for appellants.
Hershoff, Lupino, Defoor & Gregg and James S. Lupino, Miami, for appellees Charles C. Jordan and Janet E. McMahon; Peterson, Bernard, Vandenberg, Zei, Geisler & Martin and Eric A. Peterson, for appellee J. Poole & Associates.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
PER CURIAM.
The buyers executed a contract to purchase a condominium in Key Largo. The sellers made several changes to the contract including changing the financing section from "interest rate not to exceed 7.75%" to "interest rate not to exceed Prevailing Rate." The buyers did not consent to this change and requested Marr Properties, one of the realtors involved in the transaction, to return their $8,500 deposit. Thereafter, Marr Properties filed an interpleader action to determine who was the owner of the deposit held in escrow. The sellers' realtor, J. Poole & Associates, Inc., and the buyers filed motions for final summary judgment arguing that the changes made by the sellers constituted a counter-offer and that the counter-offer was never accepted by the buyers. The trial court granted the motions and ordered that the deposit be returned to the buyers.
The sellers contend that the trial court erred in granting final summary judgment in favor of the buyers. We disagree.
The construction of a written contract presents a question of law if the language of the contract is clear and unambiguous. Jaar v. University of Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986). In the instant case, the language of the written contract clearly and unambiguously indicates that the sellers modified the financing provision of the contract and that the buyers did not subsequently consent to the modification. This modification was a "material variation of the agreement, so as to be no more than a counter-offer." Binninger v. Hutchinson, 355 So.2d 863, 865 (Fla. 1st DCA 1978); see also, Padron v. Plantada, 632 So.2d 113 (Fla. 3d DCA), review denied, 639 So.2d 980 (Fla. 1994) ("an unspecified floating [interest] rate did not mirror the terms of the parties' agreement and thus constituted a counteroffer, which rejected the original contract terms"); Zepfler v. Neandross, 497 So.2d 901 (Fla. 4th DCA 1986). Because there was no subsequent consent by the buyers, there was "no meeting of the minds," and as such, no contract was consummated. Tropicana Pools, Inc. v. Boysen, 296 So.2d 104, 108 *1018 (Fla. 1st DCA 1974). Accordingly, the trial court correctly ordered that the $8,500 deposit be returned to the buyers.
Further, we also affirm the trial court's award of attorney's fees pursuant to Section 768.79, Florida Statutes (1993).
Affirmed.