766 So.2d 1238 (2000)
GAINESVILLE-ALACHUA COUNTY REGIONAL AIRPORT AUTHORITY, Appellant,
v.
R. HYDEN CONSTRUCTION, INC. and Fidelity and Guaranty Insurance Company, Appellees.
No. 1D99-2943.
District Court of Appeal of Florida, First District.
September 25, 2000.
Peter A. Robertson and Jeffrey L. Price of Peter A. Robertson & Associates, P.A., Gainesville, for Appellant.
Jefferson M. Braswell of Scruggs & Carmichael, P. A., Gainesville, for Appellees.
ALLEN, J.
The appellant Gainesville-Alachua County Regional Airport Authority (GCRAA) challenges a judgment by which the appellee R. Hyden Construction (Hyden) was awarded damages, with attorney's fees and costs, following a jury finding that GACRAA breached the parties' construction contract by failing to approve an additional payment for certain expenses in connection with changes to the construction project. We conclude that the change order which the parties had previously executed fully established the total amount due for the changes, and that Hyden's claim for an additional payment above this amount should not have been submitted to the jury as it was precluded by the change order agreement.
The parties' construction contract contains provisions for change orders to address *1239 alterations in the work and adjustment of the contract price. The parties executed such a change order for Hyden's work on the project, with this change order identifying several items which had been incorporated into the project and which affected the project cost. The change order established a new contract sum by which GACRAA's payment to Hyden was increased, with explicit provisions indicating that this reflected Hyden's "final agreement" to "all adjustments" in the contract sum, and that the increased payment "represents the total amount due ... for any and all items pertaining to the work" under the change order. After executing this change order Hyden submitted another change order request, seeking an additional payment for general conditions and other costs associated with the work. GACRAA did not approve this request and declined to pay the additional amount, whereupon Hyden filed the action below alleging that GACRAA had thereby breached the parties' contract.
GACRAA moved for summary judgment, asserting that Hyden's claim was precluded by the change order which the parties had executed with an adjusted sum as the total amount due for the work. The court granted GACRAA's motion as to parts of the claim, but otherwise denied the motion. The case proceeded to trial with a ruling that Hyden could seek certain "overhead type items" as "direct costs associated" with the change order. GACRAA moved for a directed verdict at trial, and after the jury returned a verdict in favor of Hyden the court denied this motion and entered a judgment for Hyden.
The change order which the parties executed clearly and unambiguously established the total sum due for the work approved therein, and reflected Hyden's final agreement as to this amount. Cases such as Dickerson Florida, Inc. v. McPeek, 651 So.2d 186 (Fla. 4th DCA 1995), emphasize that the contracting parties' agreement should be given effect in accordance with such express provisions. And since there was no ambiguity, the interpretation of the parties' agreement is a question of law to be resolved by the court. See e.g., Press v. Jordan, 670 So.2d 1016 (Fla. 3d DCA 1996). Because the change order established GACRAA's full payment obligation, GACRAA did not breach the parties' contract by refusing to make a later additional payment. The court should not have submitted this matter to the jury, and should have entered a judgment for GACRAA.
The judgment is reversed and the case is remanded.
LAWRENCE and BENTON, JJ., CONCUR.