847 So.2d 1113 (2003)
TRAVELERS INDEMNITY CO. OF ILLINOIS, etc., Appellant,
v.
Carol HUTSON and Jerry Hutson, etc., et al., Appellees.
No. 1D02-3804.
District Court of Appeal of Florida, First District.
June 19, 2003.
*1114 Dennis P. Dore and Charles G. Eichhorn, Jr., of Dore, Lanier, Noey & Fannin, Chartered, Jacksonville, for Appellant.
Robert E. O'Quinn, Jr., and Harold A. DePalma of Webb & O'Quinn, P.A., Jacksonville, for Appellee Jacksonville Port Authority.
PER CURIAM.
Appellant, Travelers Indemnity Co., seeks review of a summary final judgment entered against it and in favor of appellee Jacksonville Port Authority on a contractual indemnity claim. Absent an ambiguity, interpretation of a contract is a question of law to be decided by the court. E.g., Gainesville-Alachua County Reg'l Airport Auth. v. R. Hyden Constr., Inc., 766 So.2d 1238, 1239 (Fla. 1st DCA 2000). Whether an ambiguity exists in a contract is also a question of law. E.g., Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 565-66 (Fla. 1st DCA 2000). The trial court correctly concluded that the provisions of the contract between the Port Authority and Travelers' insured are not ambiguous; and that they require Travelers' insured to indemnify the Port Authority for any claim "in any way resulting from or arising out of, directly or indirectly," the "operations" of, or "use or occupancy of any portion of Jacksonville International Airport" by, the insured or its "officers, [s]uboperators, employees, representatives, suppliers, invitees, customers, guests, patrons, contractors, and agents," unless the claim resulted solely from the "negligence of officers, agents or employees of the [Port] Authority." The trial court also correctly concluded that no genuine issue regarding any material fact existed as to whether the claim "in any way result[ed] from or aros[e] out of the "operations" of, or "use or occupancy of any portion of Jacksonville International Airport" by, Travelers' insured or a "[s]uboperator[ ]" of the insured. However, because our review of the record establishes that Travelers correctly contends that disputed issues of material fact do exist as to whether the claim resulted solely from the "negligence of officers, agents or employees of the [Port] Authority," we are constrained to reverse, and remand for further proceedings. See, e.g., Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) ("[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it"); Jones v. Dirs. Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) ("if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied").
REVERSED and REMANDED, with directions.
WEBSTER, PADOVANO and POLSTON, JJ., concur.