905 So.2d 220 (2005)
MAGNUM CAPITAL, LLC, Appellant,
v.
CARTER & ASSOCIATES, LLC; Southern Boulevard Corporation; Bay Point Marina Company; Bay Point Leisure Properties; W.F. Spann & Co., Inc., Bay Pointe Limited, LLC; Cape Holdings, Inc.; HBB Company; Grand Lagoon Café, LLC; B.P. Commercial Limited Partnership and B.P. Tango, Inc., Appellees.
No. 1D03-5267.
District Court of Appeal of Florida, First District.
May 18, 2005.
Rehearing Denied July 5, 2005.
Claire A. Duchemin, of Claire A. Duchemin, P.A., Tallahassee, for Appellant.
William W. Deem and Bryan S. Gowdy, of McGuire Woods, LLP, Jacksonville, Attorney for Appellee Southern Boulevard Corporation; Clifford C. Higby and Tiffany *221 A. Brown, of Bryant & Higby, Chartered, Panama City, Attorney for Appellees Bay Point Marina Company, Bay Point Leisure Properties, W.F. Spann & Co., Inc., Bay Point Limited, LLC, HBB Company, and Grand Lagoon Café; Timothy H. Crutchfield, of Timothy H. Crutchfield, P.A., Miami, Attorney for Appellees Cape Holdings, Inc., B.P. Commercial Limited Partnership, and B.P. Tango, Inc.; George N. Meros, Jr., and Carlos G. Muniz, of Gray Robinson, P.A., Tallahassee, Attorney for Appellee Carter & Associates, LLC.
BROWNING, J.
Appellant seeks reversal of the trial court's order dismissing its three-count Second Amended Complaint for failure to state a cause of action, with prejudice. The Second Amended Complaint comprised counts based on fraud and misrepresentation (Count One), negligent misrepresentation (Count Two), and breach of contract (Count Three). We affirm the dismissal of Counts One and Two without additional comment, but reverse the dismissal of the contract count and remand for further proceedings.
We review de novo a trial court's final disposition on a motion to dismiss for failure to state a cause of action. See W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., 728 So.2d 297, 300 (Fla. 1st DCA 1999) ("Whether a complaint is sufficient to state a cause of action is an issue of law."). In exercising our review, we are required, as was the trial court, to take all the well-pled allegations of Appellant's Second Amended Complaint as admitted and to draw all reasonable inferences in favor of the pleading party. See id. However, if documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed. See Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524, 526 (Fla. 2d DCA 1990). If it is apparent that the claim cannot be cured by amendment, the dismissal may be with prejudice. See Kairalla v. John D. and Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988) ("[A] dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action."). The trial court concluded that the proposal letter of April 28, 2003, attached to the Appellant's Second Amended Complaint, "was not an offer, but merely a request for an offer from the Defendants," and that the claim was unamendable. This ruling was error.
The letters of April 7, 2003; April 28, 2003; and May 2, 2003 (all of which were attached as exhibits to the Second Amended Complaint), when considered with the well-pled allegations of the Second Amended Complaint, state a cause of action in contract that is not conclusively negated by such attachments. To the contrary, such attachments support Appellant's contract claim. See Davidson v. Iona-McGregor Fire Protection & Rescue Dist., 674 So.2d 858, 860 (Fla. 2d DCA 1996). Even a cursory review of such letters reveals provisions that support Appellant's claim for breach of contract. For example, the April 28, 2003, letter from Appellees' representative to Appellant's President states, in pertinent part: "[T]his results in a counteroffer of $43,250,000.00." Appellant promptly replied by letter of May 2, 2003, from Appellant's President to Appellees' agent, stating: "On behalf of Magnum Capital, L.L.C. (or its assigns), I accept the counter-proposal you made to Magnum in your letter dated April 28, 2003, to purchase the Marriott Bay Point Resort in Panama City Beach, Florida, and the Loch Legend Golf Course, the Club *222 Meadows Golf Course, the Bay Point Marina, the Bay Town Commercial/Retail Center and the 30 Degrees Blue Restaurant all in Panama City Beach, Florida all for the total sum of $43,250,000.00." These and other phrases of such attachments, and the admitted allegations of the Second Amended Complaint that a contract exists between the parties to Count Three, clearly establish that Appellant stated a cause of action in contract not conclusively negated by the attachments. The trial court erred by concluding to the contrary on Appellee's motion to dismiss for Appellant's failure to state a cause of action. See id.; Burnett Corp. v. Strawgate, 475 So.2d 1006 (Fla. 2d DCA 1985).
Accordingly, we AFFIRM in part, REVERSE in part and REMAND for further proceedings on Count Three.
BARFIELD, J. concurs; and WEBSTER, J., concurs in part and dissents in part with opinion.
WEBSTER, J., concurring in part and dissenting in part.
I concur in affirmance of the trial court's dismissal with prejudice of counts one and two of the second amended complaint. However, I would also affirm the dismissal of count three. Because the majority reverses the dismissal of that count, I dissent from that portion of the decision.
Count three of the second amended complaint alleges the existence of a written contract consisting of three letters, which are attached to the complaint as exhibits. "Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only." Angell v. Don Jones Ins. Agency, Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993). Moreover, "[a]bsent an ambiguity, interpretation of a contract is a question of law to be decided by the court." Travelers Indem. Co. of Ill. v. Hutson, 847 So.2d 1113, 1114 (Fla. 1st DCA 2003). Whether an ambiguity exists is also a question of law. Id. The trial court reviewed the three documents alleged to form the contract and concluded that, as a matter of law, no contract had been formed. Appellant has never alleged the existence of any ambiguity in the supposed contract. Therefore, I fail to see what factual dispute could have any bearing on the issue decided by the trial courteither the three letters constitute a contract as a matter of law, or they do not. It seems to me that the trial court correctly determined that, as a matter of law, the three letters do not constitute a contract. The only logical conclusion to be drawn from the majority's opinion is that, as a matter of law, the three letters do constitute a contract. If, indeed, this is what the majority intends, it should say so, rather than leave the trial court and the parties to attempt to divine the import of its opinion.