# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-679
Lower Tribunal No. 19-3629
_____

**Grape Leaf Capital, Inc.,**
Appellant,

vs.

**Nathaly Lafontant, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Steven K. Schwartz, P.A., and Steven K. Schwartz, for appellant.

Law Offices of Clement R. Dean, Jr., P.A., and Clement R. Dean, Jr. (Plantation), for appellees.

Before EMAS, C.J., and FERNANDEZ and MILLER, JJ.

EMAS, C.J.

Grape Leaf Capital, Inc. (GLC) appeals the trial court's order dismissing with prejudice its claims against Clement R. Dean Jr., Esq., and Clement R. Dean, Jr., P.A. (the Dean Defendants). GLC alleged, in a multi-count complaint against various defendants, that it entered into a loan agreement with, and provided a loan to, Nathaly Lafontant—as personal representative of her grandmother's estate—in exchange for proceeds to be recovered in the wrongful death case of Lafontant's grandmother.[1]

As for the Dean Defendants, GLC alleged that Dean—who at one point represented Lafontant in the wrongful death case—"substantially assisted" Lafontant in breaching her fiduciary duty[2] to the estate "when he "faciliat[ed] the distribution" of settlement proceeds from the wrongful death defendant's insurance carrier to Lafontant directly instead of arranging for the proceeds

---

[1] A wrongful death case can only be pursued by the personal representative for the benefit of the beneficiaries. § 768.20, Fla. Stat. (2017) (providing: "The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death"); Weaver v. Myers, 229 So. 3d 1118, 1131 (Fla. 2017) (holding: "Florida's Wrongful Death Act establishes the personal representative of a decedent's estate as the sole party that may file a decedent's cause of action for wrongful death.")

[2] "A cause of action for aiding and abetting the breach of a fiduciary duty requires a plaintiff to establish: 1) a fiduciary duty on the part of a primary wrongdoer; 2) a breach of that fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." Fonseca v. Taverna Imports, Inc., 212 So. 3d 431, 442 (Fla. 3d DCA 2017).

to be deposited into the "restricted depository account" designated by the court in the separate probate proceeding. Dean's law firm, GLC alleged, was in turn vicariously liable for Dean's actions. Attachments to the complaint included: the letters of administration appointing Lafontant personal representative of the estate, the order designating a depository "for assets or settlement proceeds," and the loan agreement between GLC and Lafontant.

We review the trial court's dismissal order de novo and, like the trial court, we are limited to the four corners of the complaint and its attachments, accepting all well-pled allegations as true and drawing all reasonable inferences in a light most favorable to the plaintiff. Payne v. City of Miami, 927 So. 2d 904, 906 (Fla. 3d DCA 2005) (noting: "In determining whether to dismiss a complaint for lack of standing, we must confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true"); Chakra 5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1061 (Fla. 3d DCA 2018) (holding: "We are bound by the same restrictions the trial court faced when it ruled on the motion to dismiss, and we therefore treat as true all of the well-pled allegations of the complaint, including its incorporated attachments, and look no further than the complaint and its attachments.") (quotation omitted).

Applying these well-established principles, we conclude that the trial court erred in dismissing with prejudice the claims against the Dean Defendants.[3] We reverse the order and remand for further proceedings.

---

[3] The Dean Defendants contend, in part, that Lafontant entered into the loan agreement with GLC in her individual capacity, and not in her capacity as personal representative of her grandmother's estate. While there may well be a disputed issue of fact in this regard, we reject the contention that the provisions of the loan agreement (attached to the complaint) "conclusively negate" GLC's claims against the Dean Defendants. See Magnum Capital, LLC v. Carter & Assocs., LLC, 905 So. 2d 220, 221 (Fla. 1st DCA 2005) (holding: "If documents are attached to a complaint *and conclusively negate a claim*, the pleadings can be dismissed") (emphasis added); Jaffer v. Chase Home Fin., LLC, 155 So. 3d 1199, 1202 (Fla. 4th DCA 2015) (holding: "[I]f an attached document negates the pleader's cause of action or defense, the plain language of the document will control and may be the basis for a motion to dismiss") (quotation omitted).