# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1676

_____

ARNOLD J. HARRISON,
individually and on behalf of
R.H. and all those similarly
situated,

    Appellant,

    v.

DEPARTMENT OF MANAGEMENT
SERVICES, DIVISION OF STATE
GROUP INSURANCE, an agency of
the State of Florida, and BLUE
CROSS AND BLUE SHIELD OF
FLORIDA, INC., a Florida not for
profit corporation,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

May 21, 2025

PER CURIAM.

Appellant Arnold J. Harrison challenges the amended final order dismissing his second amended complaint against Appellee Blue Cross and Blue Shield of Florida (Florida Blue) with

prejudice.[1]  Harrison also challenges the order granting Florida Blue's motion to strike Appellant's class allegations.[2]  We reject Harrison's arguments for reversal and affirm the orders.

We review de novo an order dismissing a complaint with prejudice for failure to state a cause of action.  *Wells Fargo Bank, N.A. v. Bohatka*, 112 So. 3d 596, 601 (Fla. 1st DCA 2013).  "A review of a motion to dismiss is limited to the four corners of the complaint; a court may therefore only consider the allegations in the complaint and attached documents incorporated therein." *Reid v. Daley*, 276 So. 3d 878, 880 (Fla. 1st DCA 2019) (citing *Bohatka*, 112 So. 3d at 600).  "[I]f documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed." *Magnum Cap., LLC v. Carter & Assocs., LLC*., 905 So. 2d 220, 221 (Fla. 1st DCA 2005) (citations omitted); *see also Fla. Int'l Univ. Bd. of Tr. v. Signal Safe, Inc*., 388 So. 3d 1103, 1107 (Fla. 3d DCA 2024).

Among the reasons for our affirmance is that the State Employees' PPO Plan, attached as an exhibit to the second amended complaint, conclusively negates the individual causes of action that Harrison sought to allege.  And without an individual cause of action, Harrison does not have "standing to represent the putative class members." *Sosa v. Safeway Premium Fin. Co*., 73 So. 3d 91, 116 (Fla. 2011).

AFFIRMED.

---

[1] In case number 1D2023-1674, Harrison challenged the dismissal as to Department of Management Services, Division of State Group Insurance.  We affirm that dismissal in an unelaborated opinion issued along with the opinion here.

[2] An order determining "whether to certify a class" is appealable as nonfinal order.  Fla. R. App. P. 9.130(3)(C)(vi).  Here, however, the order striking the class allegations is appealable as a final order. *See Cordell v. World Ins. Co*., 418 So. 2d 1162, 1163 (Fla. 1st DCA 1982).

BILBREY and KELSEY, JJ., concur; TANENBAUM, J., concurs in part and concurs in result.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

TANENBAUM, J., concurring in part and concurring in result.

The appellant sued Florida Blue regarding how it administered Florida's group insurance program for the Department of Management Services. The trial court dismissed the second amended complaint with prejudice. Not only did the appellant fail to sufficiently plead either a contract or other source of duty owed to him by Florida Blue; but also, by law, "[f]inal decisions concerning enrollment, the existence of coverage, or covered benefits under the state group insurance program" are authority that cannot "be delegated or deemed to have been delegated by the department." § 110.123(5), Fla. Stat. The appellant's dispute is exclusively with the department—Florida Blue's duties and obligations being owed to the department, not the appellant—but as explained in my concurring opinion filed in Case No. 23-1674, he cannot pursue that dispute by civil suit in an Article V trial court. For that reason alone, we can affirm the order dismissing the complaint against Florida Blue with prejudice.

Having said this, I do note that the trial court incorrectly relied on the "law of the case" doctrine to dismiss the complaint. It cited to this court's prior decision, arising from the same litigation, as controlling: *Harrison v. Department of Management Services*, 339 So. 3d 504 (Fla. 1st DCA 2022). On review in that appeal was an order from the same trial court, dismissing the appellant's claims against Florida Blue with prejudice. *Id.* at 505. This court claimed to have been affirming that order in part—"without further comment"—but it reversed the dismissal to the extent it was with prejudice and directed that the appellant be allowed to replead against Florida Blue if it could. *Id.* at 505−06.

3

That is not an affirmance at all. The court reversed the order *in toto* insofar that it was a final, conclusive order running against the appellant and having preclusive effect, an order this court considered to have been violative of the appellant's right to replead. *See id.* at 505. This court could not at the same time be considered to have decided—in any preclusive way—the legal correctness of the analysis that lay within the order it was reversing, especially given the court even said it was affirming "without further comment."

> "Law of the case" refers to
>
> the principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even though they appear to have been erroneous.

*McGregor v. Provident Tr. Co. of Philadelphia*, 162 So. 323, 327 (Fla. 1935). Whatever the rationale the trial court read into or inferred from the court's partial "affirmance" of its prior order of dismissal—there being nothing express—it necessarily was dicta. *Cf. Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) ("A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment." (internal quotations omitted)).

One more point. There is only one final order on review here: the order dismissing the second amended complaint against Florida Blue. I disagree with the majority's assertion that the order striking the class allegations contained within that dismissed complaint—rendered the same date as the dismissal—is somehow a separate, appealable final order. The decision on which the majority relies, cited in the margin, dealt with circumstances that differ significantly from what we have here, as did the prior decision on which the cited decision relied. Moreover, both decisions pre-date by a decade or more the amendment to Florida Rule of Appellate Procedure 9.130 that now allows for an interlocutory appeal of an order on whether to certify a class. Finally, the only way the order striking class allegations could be

a final order is if it conclusively adjudicated the cause. Yet, the trial court struck the allegations because they were deficiently pleaded; there was no determination on the merits. The order striking the class allegations was not conclusive as to the appellant's rights; the dismissal of his entire complaint against Florida Blue, with prejudice, was.

That makes the order dismissing the second amended complaint the sole final order on appeal, and the order striking the class allegations simply a ruling *preceding* the order being appealed. *Cf.* Fla. R. App. P. 9.110(h) (allowing review of "any ruling or matter occurring before filing of the notice" of appeal from a final order); Fla. R. App. 9.130(h) (noting that the rule does not "preclude initial review of a nonfinal order on appeal from the final order in the cause"). Had we reversed the order of dismissal, we would have had to consider whether striking the class allegations was erroneous. But we are affirming the dismissal, rendering moot the appellant's claim that striking his class allegations was erroneous and making superfluous the majority's "affirmance" of that ruling.

_____

Michael Fox Orr, Kevin B. Cook, and Kathleen H. Crowley of Orr | Cook, Jacksonville, for Appellant.

Jason Gonzalez, Taylor Greene, and Vivekka Suppiah of Lawson Huck Gonzalez, PLLC, Tallahassee; Timothy J. Conner, Jennifer A. Mansfield, and Laura B. Renstrom of Holland & Knight LLP, Jacksonville, for Appellees.